Affirmed; Majority and Concurring Opinions of August 8, 2006, Withdrawn,
and Substitute Majority and Concurring Opinions filed February 15, 2007








Affirmed;
Majority and Concurring Opinions of August 8, 2006, Withdrawn, and Substitute
Majority and Concurring Opinions filed February 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00842-CR

____________

 

MIKE SEYMOUR MOUNT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal Court at Law Number
Eleven

Harris County, Texas

Trial Court Cause No. 1291992

                                                                                                                                               


 

S U B S T I T U T E   C O N C U R R I N G   O P I N I
O N

 








I would overrule appellant=s third and fourth points of error on the ground that:
(1) the police officers had reasonable suspicion to make an investigatory stop
of appellant=s vehicle based on the radio dispatch; (2) the
challenged evidence of his intoxication would have been readily apparent in the
course of such a lawfully conducted investigative detention; (3) the evidence
was therefore not obtained as a result of any conduct in making the stop
that could have gone beyond an investigative detention and thereby amounted to
an arrest; and, therefore, (4) the challenged evidence was either not within
the scope of the exclusionary rule or was subject to the inevitable discovery
exception to that rule.[1]

 

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Majority and
Concurring Opinions filed February 15, 2007.

Panel consists of Justices Anderson,
Edelman, and Frost (Frost, J., majority).

Publish C Tex.
R. App. P. 47.2(b).









[1]           In response to this reference to the
inevitable discovery rule, appellant=s
motion for rehearing en banc states that the federal constitutional law of
inevitable discovery has no place in Texas search and seizure law, citing State
v. Daugherty, 931 S.W.2d 268 (Tex. Crim. App. 1996).  However, this
contention ignores the fact that appellant=s
challenge on appeal to the denial of his motion to suppress was based
exclusively on the Fourth Amendment to the United States Constitution (without 
any mention whatever of the Texas Constitution).  While a State is free to
provide greater restrictions on police activity under its own state law than is
imposed under federal law, it may not impose any greater restrictions as a
matter of federal law.  Arkansas v. Sullivan, 532 U.S. 769, 772 (2001). 
Therefore, to the extent inevitable discovery has no place in Texas search and
seizure law, Texas search and seizure law has no place in this appeal.